W. B. THOMPSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 677. Decided October 27, 1926.

A taxpayer keeping his books of account on the basis of a fiscal year should file his first return under the Revenue Act of 1918, under section 226 of that Act.

*Isom J. Guillory, Esq.*, and *E. Barrett Prettyman, Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the period January 1 to August 31, 1918, in the amount of $16,322.10.

FINDINGS OF FACT.

The taxpayer is engaged in business in New Orleans, La. His books of account were kept on the basis of the fiscal year ended

August 31, and were so kept during the years 1917 and 1918. They were regularly closed on this basis for the twelve-month periods ended August 31, 1917, and August 31, 1918.

The taxpayer's 1917 income-tax return was filed on the calendar year basis, as required by law and regulations in force for that year. The return was audited by the Commissioner on that basis and the taxpayer's tax for 1917 was settled on the calendar year basis. In the audit of the return the income for the calendar year 1917 was fixed by the Commissioner by adding together eight-twelfths of the income disclosed by the taxpayer's fiscal closing of August 31, 1917, and four-twelfths of the income disclosed by the taxpayer's fiscal closing of its books of August 31, 1918.

The taxpayer did not obtain the approval of the Commissioner to change the basis of reporting income for tax purposes.

The taxpayer's net income for the fiscal year September 1, 1917, to August 31, 1918, was $86,995.21. Of this amount four-twelfths, or $28,998.41, was included by the Commissioner in the taxpayer's return for the calendar year 1917. The Commissioner computed the taxpayer's tax for the period beginning January 1, 1918, and ending August 31, 1918, by applying the 1918 income and surtax rates to the income of $86,995.21 and taking eight-twelfths of the result thus obtained as being the tax due for that eight-month period. This produces a tax of $18,190.32 and a deficiency of $16,322.10.

OPINION.

TRAMMELL: The question involved in this proceeding is whether section 226 of the Revenue Act of 1918 has application in the computation of the tax due from the taxpayer upon his return for the period January 1, 1918, to August 31, 1918, the date of the closing of the taxpayer's books. The Commissioner has computed the tax under section 205, while the taxpayer contends that it should have been computed under section 226.

In the *Appeal of Henry D. Weed*, 2 B. T. A. 84, the Board had this identical question before it. In that case the taxpayer kept its books on the basis of a fiscal year ended May 31. He had made an income-tax return for 1917 in accordance with the Revenue Act of 1916, as amended by the Revenue Act of 1917. The taxpayer contended that his first return under the Revenue Act of 1918 should have been for a period of only five months, or from January 1 to May 30, 1918, and that the tax should have been computed in the manner provided in section 226, while the Commissioner contended, as he contends in this case, that section 205(a) of the Revenue Act of 1918 was applicable. In that case we said:

We think that the Commissioner erred in ruling section 226 has no application to the case of the instant taxpayer. The Revenue Act of 1918 re-

quired a taxpayer keeping his books of account on the basis of a fiscal year different from the calendar year to make returns upon the basis of such fiscal year. The taxpayer was compelled to change the basis of reporting net income from the calendar year to a fiscal year. * * * The accounting period for the making of the return was changed and by the provisions of section 212 of the statute section 226 was made applicable.

That decision was subsequently affirmed in the *Appeal of Coghlin Electric Co.*, 3 B. T. A. 1071. The above appeals are decisive on the question here presented.

> *Judgment will be entered on 15 days' notice, under Rule 50.*